**LAAS v. POTH et ux.**

**No. 3175.**

Court of Civil Appeals of Texas.
Beaumont.

**Jan. 13, 1938.**

Hull & Oliver, of San Antonio, for appellant.

Elmer Ware Stahl and A. R. Sohn, both of San Antonio, for appellees.

WALKER, Chief Justice.

This appeal was transferred to us by the Supreme Court from the docket of the San Antonio Court of Civil Appeals.

Appellant, A. E. Laas, as trustee for the Farmers & Merchants State Bond Bank of Poth, Tex., instituted this suit against appellees, A. H. Poth and wife, praying for judgment in the principal sum of $1,250, together with foreclosure of a deed of trust lien against a tract of 7–100 of an acre of land described in the petition. Appellees answered, pleading that the land was a part of their homestead. On trial to the court without a jury judgment was entered in favor of appellant against A. H. Poth for the amount sued for; judgment was in favor of the wife, denying liability; and appellant was denied foreclosure of his deed of trust lien. No conclusions of fact and law were filed.

The evidence so clearly established, as a fact, the homestead status of the property that no useful purpose would be served by bringing forward a statement from the record.

Under the evidence, appellees were not estopped to deny their claim of homestead. A. H. Poth was indebted to the bank, and this indebtedness was incurred while he was one of its directors. Complaint was made by the banking department of the condition of this indebtedness, and the bank demanded of Poth security. The officers of the bank knew the details of Poth's financial condition, that he owned two pieces of property to which he asserted no homestead claim, but this property was heavily mortgaged. They knew that his homestead claim was limited to about 85 acres, which included the property in issue; upon the property in issue appellees had built a gin. The officers of the bank requested appellees to execute to it the deed of trust in issue to satisfy the demands of the banking department, and on this request the deed of trust was executed. Mr. Poth testified:

"Q. What was Mr. Hasse's position in the bank at that time? A. He was cashier. He was the only one that talked to me about it.

"Q. Then what happened? A. I gave them a mortgage on that gin property.

"Q. And you told him at that time it was part of your homestead? A. I certainly did and Mr. Hasse knew it. Yes; and I told Mr. Hasse that was my homestead.

"Q. They called on you for the payment of the loan? A. Yes, sir. Then after they called for the payment of the loan they called on me for some security.

"Q. They told you they wanted you to secure the loan? A. Yes, sir.

"Q. And you knew you had to secure it? A. I knew that was always their rules.

"Q. And you knew you had to comply with this rule, didn't you? A. I didn't know I had to. That was customary and I would give them the security, as far as I had it. I would have given them a second lien on this upper farm. They didn't want it.

"Q. Did you discuss the other farm mortgages? A. Absolutely. They knew it.

"Q. Did you discuss with them these two pieces that were not mortgaged? A. And that that was my homestead.

"Q. You discussed with them these two pieces of property that was not mortgaged? A. I told them it was not mortgaged but I was claiming them as my homestead.

"Q. And you told them you would give them a mortgage on these two pieces of clear property to secure the three thousand dollars? A. I told them if they thought that would help them any; Yes, sir. I told them that; if they thought that security would help them any I would give that to them."

Mrs. Poth testified in this issue as follows:

"Q. Did you ever tell Mr. Hasse that gin site was not part of your homestead? A. No, sir.

"Q. You did not? A. I did not. He brought the paper up there for me to sign and I told him it was the homestead and he said, 'Well, that's perfectly all right. It is only to satisfy the directors.' I signed it because he told me it was to satisfy the directors and I told him it was the homestead.

"Q. And you intended, when you signed that deed of trust, that it would be security for the debt you owed the bank? A. Intended it to be security?

"Q. Yes; that right, isn't it? A. I wouldn't say that, because I signed it to satisfy them. I didn't sign it because I wanted to.

"Q. To satisfy them in their demand for security for the money? A. Yes, I figured they couldn't get it; that's why;

because I told him it was a homestead and just to satisfy them I went and signed it."

On this testimony there was no estoppel.

The judgment of the lower court is affirmed.